UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WALSH BERRIOS,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation; ALAN GRAHAM-ORMES, an individual,<br><br>Defendants. | No. 2:18-cv-03171-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

On September 26, 2017, Plaintiff Elizabeth Walsh Berrios ("Plaintiff") initiated this wrongful termination and disability discrimination action against Defendants The Hertz Corporation, her employer ("Hertz"), and Alan Graham-Ormes, her supervisor ("Graham-Ormes"), in Sacramento County Superior Court. ECF No. 1-2. Hertz removed the action to this Court on December 12, 2018, pursuant to this Court's diversity jurisdiction. Typically this removal would be considered untimely pursuant to the one-year deadline set forth in 28 U.S.C. § 1446(c)(1), and that is the basis of a Motion to Remand (ECF No. 10) that is currently pending before the Court. For its part, Defendant opposes that Motion on the basis that Plaintiff's counsel acted in bad faith by waiting to dismiss Graham-Ormes, the only non-diverse Defendant, until after the one-year removal period had passed. After hearing on this matter, at which Plaintiff was represented by Matthew

1

Ruggles and Hertz was represented by Robert Dolinko and Hillary Baca, and for the reasons that follow, Plaintiff's Motion is DENIED.

**ANALYSIS**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

As is pertinent here, a diversity action may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C.

§ 1446(c)(1). There is no dispute that the instant removal is presumptively untimely. The only question is whether that untimeliness is excused due to Plaintiff's bad faith.

The Ninth Circuit has yet to address the standard applicable to the bad faith determination in this context, but generally "the requirement that a party acts in bad faith sets a high threshold." NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co., 2014 WL 1671659, *3 (2014) (citing Primus Automotive Financial Svs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). The removing party thus "bears the burden of demonstrating that the plaintiff has acted in bad faith." Weber v. Ritz-Carlton Hotel Co., L.L.C., 2018 WL 4491210, *3 (N.D. Cal.). Having considered the entirety of the evidence in the record, the Court concludes that Hertz has met its burden of showing that Plaintiff acted in bad faith in waiting to dismiss Graham-Ormes until after the one-year removal period expired.

As Defendant points out, it has offered ample evidence indicating that Plaintiff kept Graham-Ormes in this case solely to defeat diversity:

> Ultimately, Defendant has provided affidavits . . . that reveal Plaintiff's bad faith attempt at preventing removal. Defendant's evidence shows Plaintiff offered to dismiss Graham-Ormes as early as February 2018 provided Hertz would agree not to remove the case; when Hertz refused to agree to that condition, Plaintiff delayed continued settlement negotiations with [Graham-Ormes' counsel Ryan] Abernethy; Plaintiff ceased propounding written discovery on Graham-Ormes after April 2018; Plaintiff agreed to permit Graham-Ormes' counsel not to ask any questions of Plaintiff (but reserved the right to do so) at her August 16, 2018 deposition; and Plaintiff dismissed Graham-Ormes shortly after the one-year anniversary of the filing of the complaint.

Def. Opp., ECF No. 12, at 19.

Plaintiff claims, however, that despite the foregoing he finally decided to dismiss Graham-Ormes only because he was worried that the individual Defendant would intimidate witnesses at upcoming depositions. But Graham-Ormes had attended only a minimal portion of the depositions already conducted, and the majority of the remaining depositions were to be taken from former employees over whom Graham-Ormes could exercise no leverage. Nor did Plaintiff offer any evidence from these witnesses that

3

there was any real basis to fear they might be intimidated. Finally, because Graham-Ormes remains employed by Hertz, he may still attend future depositions, which entirely undermines Plaintiff's argument. This thin justification for dismissing Graham-Ormes so soon after the one-year deadline is unpersuasive.[1]

## CONCLUSION

For the reasons just stated, Plaintiff's Motion to Remand and for Attorney's Fees (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: April 18, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, in light of the foregoing, all evidence in the record, and the arguments and demeanor of counsel, the Court finds that the self-serving statements included in Mr. Ruggles' declaration lack credibility.

4